

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE DAVID MARTINEZ-VALDEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civ. No. 08-1190GT<br>Cr. No.  07-1076GT<br><br>**ORDER** |

On July 1, 2008, Petitioner, Jorge David Martinez-Valdez ("Mr. Martinez"), filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). Mr. Martinez argues that his counsel was ineffective for several reasons. For the reasons stated below, Mr. Martinez' Motion is **DENIED**.

First, Mr. Martinez pled guilty, pursuant to a written plea agreement, to two counts of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Martinez explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Martinez expressly waived his statutory right to appeal or collaterally attack his sentence in

his plea agreement, Mr. Martinez is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Martinez had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. Mr. Martinez argues that his counsel was ineffective for several reasons. Mr. Martinez argues that his attorney failed to: 1) argue USSG § 5G1.3 before the Court; 2) object to the presentence report; 3) file a notice of appeal; 4) perfect the record on appeal; 5) preserve issues for appellate review; and 6) properly investigate the case. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. Strickland v. Washington 466 U.S. 668, 687 (1984). The petitioner must show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Each of Mr. Martinez' arguments fails the Strickland test because each of Mr. Martinez arguments relates to alleged errors in sentencing and not to his initial plea. Hence, Mr. Martinez has not shown that but for the alleged errors he would not have pled guilty and gone to trial.

Also, each of Mr. Martinez' arguments fail because they are not applicable to his case. For example, Mr. Martinez argues that his counsel did not present arguments on USSG § 5G1.3 to the Court. This section is not applicable in Mr. Martinez case because his state sentence was unrelated to his federal sentence. Next, Mr. Martinez claims his attorney did not object to the presentence report. However, there was no presentence report in this case. Next, Mr. Martinez asserts his attorney failed to file a notice of appeal, failed to preserve the record on appeal and failed to preserve issues for appeal. However, in Mr. Martinez' written plea agreement, he expressly waived his right to appeal or collaterally attack his conviction or sentence. Hence, Mr. Martinez' attorney could not pursue any appellate review. Finally, Mr. Martinez states that his counsel failed to properly investigate his case, but he does not state how. Accordingly,

//

//

//

1     **IT IS ORDERED** that Mr. Martinez Motion to Vacate, Set Aside or Correct Sentence is
2 **DENIED.**
3     **IT IS SO ORDERED.**

_Sept. 5, 2008_
date

_/s/ Gordon Thompson Jr._
GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter